IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| DAVID JEFFREY SIMARD, ) <br> ) <br> Appellant, ) <br> ) <br> v. ) <br> ) <br> REBECCA A. HERR, ) <br> ) <br> Appellee. ) <br> ) | Civil Action No. 21-cv-02970-LKG <br><br> Dated:  October 21, 2022 |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

In this bankruptcy appeal, Appellant *pro se*, David Jeffrey Simard, challenges the Bankruptcy Court's November 2, 2021, decision (the "November 2, 2021, Decision") denying confirmation of his proposed Chapter 13 bankruptcy plan without leave to amend, pursuant to 11 U.S.C. § 1325.  *See* Not. of Appeal, ECF No. 1.  This matter has been fully briefed.  *See generally* Appellant's Br., ECF No. 10; Appellee's Br., ECF No. 11.  No hearing is necessary to resolve this appeal.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court **SUSTAINS** the Bankruptcy Court's November 2, 2021, Decision.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

   **A.     Factual Background**

On April 20, 2021, Appellant filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Maryland.  *See In re Simard*, No. 21-12603, (Bankr. D. Md. Apr. 20, 2021), ECF No. 1.  In connection with his bankruptcy petition, Appellant filed Official Form 106I and Official Form 106J, which indicate that he receives a

---

[1] The facts recited in this Memorandum Opinion and Order are taken from Appellant's brief ("Appellant's Br.") and Appellee's responsive brief ("Appellee's Br.").

monthly net income of $820.00.  ECF No. 6-17 at 29-33.

Appellant's bankruptcy petition identifies multiple creditors, including NDF1, LLC ("NDF1").  *See id.* at 15.  NDF1 is the current holder of a home equity line of credit secured against Appellant's residence, which is located at 5607 Berwyn Road in Berwyn Heights, Maryland.  NDF1 Mot. at ¶ 1, ECF No. 6-48.  The bankruptcy Trustee is Appellee, Rebecca A. Herr.  *See generally* Appellee's Br.

On September 28, 2021, Appellant filed an amended bankruptcy plan (the "Plan"), which, among other things, proposed monthly payments to NDF1 in the amount of $3,800, for a period of 60 months, to resolve his outstanding debt.  *See* ECF No. 7-24 at 2; Appellee's Br. at 4-5.

On November 2, 2021, the Bankruptcy Court held a hearing on Appellant's Plan.  *See generally* Tr., ECF No. 8-27 (Transcript of Hearing).  It is undisputed that payment records available to the Bankruptcy Court at time of this hearing showed that Appellant was in default in the amount of $21,900 with regards to his payments to NDF1.  *See generally* Appellant's Br.; Appellee's Br.

During the hearing, NDF1 and Appellee objected to the confirmation of the Plan upon multiple grounds, including the fact that Appellant was currently in default under his plan payments.  *See* Tr. at 5.  Appellant argued at the hearing that the Plan, which proposed monthly payments in the amount of $3,800, was filed in error.  *See id.* at 6:9-10.  And so, Appellant informed the Bankruptcy Court that he intended to file a new plan, which would propose monthly payments to satisfy his debt to NDF1 in the amount of $300 (the "Revised Plan").[2]  *See id.*

After considering the parties' arguments, the Bankruptcy Court determined that Appellant was in arrears with regards to his payments to NDF1 under the Plan filed in the amount of approximately $22,000.  *See id.* at 9.  The Bankruptcy Court also determined that, even if it were to consider the Revised Plan, Appellant would still be in arrears in the amount of $1,800 with regards to his payments to NDF1.  *Id.* at 10.  Given this, the Bankruptcy Court

---

[2] It is undisputed that Appellant did not submit the Revised Plan to the Bankruptcy Court.  Appellee's Br. at 5; *see generally* Appellant's Br.

2

concluded that the Plan was not feasible, and the Bankruptcy Court denied confirmation of the Plan without granting Appellant leave to amend the Plan. *See id.*; *see also* Order dated November 2, 2021, ECF No. 8-12.

On November 3, 2021, the day after the hearing before the Bankruptcy Court, three payments from Appellant to NDF1, in the total amount of $1,000, posted. Appellee's Br. at 6. And so, Appellant has made additional payments to NDF1 in the total amount of $1,900. *See id.*

Appellant, alleging clear error, requests that the Court reverse the Bankruptcy Court's November 2, 2021, Decision. Appellant's Br. at 3-4.

### B. Procedural Background

Appellant commenced this bankruptcy appeal on November 18, 2021. *See* Not. of Appeal, ECF No. 1. The record for this appeal was designated on December 10, 2021. *See* ECF No. 6. Appellant filed his appellate brief on January 12, 2022. *See* Appellant's Br. Appellee filed her responsive brief on January 14, 2022. *See* Appellee's Br.

This matter having been fully briefed, the Court resolves the pending appeal.

## III. JURISDICTION AND LEGAL STANDARDS

### A. Bankruptcy Court Appeals

Pursuant to 28 U.S.C. § 158(a), district courts possess jurisdiction to consider appeals from bankruptcy courts with respect to final judgments, orders, and decrees. *See* 28 U.S.C. § 158(a). The Court reviews the Bankruptcy Court's conclusions of law *de novo* and its findings of fact for clear error. *See In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2005).

### B. Section 1325

Chapter 13 of the United States Bankruptcy Code allows debtors with regular income to repay or discharge certain debts after making payments to creditors for a specified commitment period. *See* 11 U.S.C. §§ 1301–30. To obtain such relief, a debtor must propose a debt adjustment plan that meets all the requirements for confirmation, as set forth in the Bankruptcy Code. *See* 11 U.S.C. §§ 1322, 1325.

In this regard, title 11, United States Code, section 1325(a)(6) provides that "the court shall confirm a plan if . . . the debtor will be able to make all payments under the plan and to

3

comply with the plan." 11 U.S.C. § 1325(a)(6); *see also Ekweani v. Thomas*, 574 B.R. 561, 569 (D. Md. 2017) (holding that appellant's proposed plan was not feasible pursuant to 11 U.S.C. § 1325(a)(6) where the plan hinged on the dissolution or significant reduction of appellant's mortgage debt) (citing *Mort Ranta v. Gorman*, 721 F.3d 241, 253 (4th Cir. 2013)). And so, the debtor, as plan proponent, bears the burden of proving that a proposed plan meets the requirements set forth in 11 U.S.C. § 1325. *See Asfar v. Grigsby*, No. 16-2552, 2017 WL 1063226, at *2 (D. Md. Mar. 20, 2017) (citing *In re Lewis*, 170 B.R. 861, 865 (Bankr. D. Md. 1994)).

### IV. LEGAL ANALYSIS

Appellant argues in this bankruptcy appeal that the Bankruptcy Court committed clear error by denying confirmation of his amended bankruptcy plan, because the Bankruptcy Court did not consider his Revised Plan or grant him leave to file that plan. Appellant's Br. at 2. Specifically, Appellant argues that the Bankruptcy Court relied upon incorrect information regarding the amount of his payments to NDF1 in reaching the decision to deny confirmation without leave to amend. *See id.* at 2-3. And so, Appellant requests that the Court reverse the Bankruptcy Court's decision. *See id.* at 3-4.

Appellee counters that the Bankruptcy Court appropriately denied confirmation of Appellant's Plan, because: (1) Appellant failed to meet his burden to confirm the Plan, due to material plan repayment default; (2) the termination of the automatic stay[3] regarding Appellant's second mortgage holder rendered the Plan "objectively futile;" and (3) the Plan failed to "properly treat" two secured claims filed in the bankruptcy case. Appellee's Br. at 3.

For the reasons that follow, the evidentiary record in this case makes clear that the Bankruptcy Court appropriately concluded that neither the Plan, nor the Revised Plan, were feasible under 11 U.S.C. § 1325(a)(6). And so, the Court SUSTAINS the Bankruptcy Court's November 2, 2021, Decision and DISMISSES this appeal.

#### A. The Bankruptcy Court Appropriately Denied Confirmation Of The Plan

The evidentiary record in this bankruptcy appeal shows that the Bankruptcy Court

---

[3] On September 30, 2021, the Bankruptcy Court granted NDF1 relief from the automatic stay, but denied annulment of the stay. *See* Order dated Sept. 30, 2021, ECF No. 7-29.

4

appropriately denied confirmation of Appellant's proposed Plan without leave to amend. Under title 11, United States Code, section 1325(a)(6), the Court "shall confirm a plan if . . . the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). And so, the Bankruptcy Court should deny confirmation of the plans at issue in this appeal, if the evidence shows that Appellant would not be able to make all payments required under these plans. *See id.*

The Bankruptcy Court's November 2, 2021, Decision denying confirmation of the plans at issue is consistent with this standard and supported by the facts of this case. In this appeal, it is undisputed that Appellant receives a monthly net income of $820. ECF No. 6-17 at 29-33; Appellee's Br. at 7; *see generally* Appellant's Br. Given this income, Appellant apparently concedes that he would be unable to make the $3,800-per-month payments proposed in the Plan. *See generally* Appellant's Br. And so, there is no genuine dispute that the Bankruptcy Court correctly determined that the Plan proposed by Appellant is not feasible. *See generally id.*; Appellee's Br.

Appellant, nonetheless, argues that the Bankruptcy Court erred by denying him leave to further amend the Plan, by reducing his monthly payments to NDF1 to $300 per month as proposed in the Revised Plan. Appellant's Br. at 3. Appellant's argument is not persuasive for several reasons.

First, as the Bankruptcy Court reasonably concluded in the November 2, 2021, Decision, the Revised Plan is not feasible, because the proposed monthly payments in the amount of $300 would result in Appellant remaining substantially in arrears with his payments to NDF1. Tr. at 10.

Second, there is also no dispute that Appellant is currently in default under the Plan, in an amount that exceeds $20,000, with regards to his payments to NDF1. Appellee's Br. at 7; *see generally* Appellant's Br. Appellant does not explain how the proposed monthly payments of $300 would resolve this default. *See generally* Appellant's Br.

Appellant does correctly observe that the three payments that he made towards his debt to NDF1 in early November 2021 (totaling $1,000) were not considered by the Bankruptcy Court during the November 2, 2021, hearing. *See id.* at 3; *see generally* Tr. But, there is no dispute that these payments posted the day after that hearing—on November 3, 2021. Appellee's Br. at

5

6; *see generally* Appellant's Br.  Given this, the evidence before the Court does not substantiate Appellant's argument that the Bankruptcy Court erred by failing to consider these payments.

In addition, Appellee persuasively argues that these additional payments would not have altered the Bankruptcy Court's disposition of this matter, because the payments do not significantly reduce the amount of Appellant's default under the Plan with regards to NDF1. Appellee's Br. at 7.

Indeed, at bottom, the evidentiary record in this matter makes clear that Appellant would not be able to make all payments under his Revised Plan, comply with this plan, and resolve his debt to NDF1.  11 U.S.C. § 1325(a)(6).  Given this, the Bankruptcy Court appropriately concluded that Appellant has not met his burden of proving that either of his proposed plans meets the requirements set forth in Section 1325.  And so, the Court must SUSTAIN the Bankruptcy Court's November 2, 2021, Decision.

## V. CONCLUSION

In sum, the record before the Court makes clear that the Bankruptcy Court appropriately denied confirmation of Appellant's proposed Chapter 13 Plan without leave to amend that plan, pursuant to 11 U.S.C. § 1325.  And so, for the foregoing reasons, the Court:

1. **SUSTAINS** the Bankruptcy Court's November 2, 2021, Decision;

2. **DISMISSES** this appeal; and

3. **DIRECTS** the Clerk to **CLOSE** this case.

Judgment is entered accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge